United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20572
Summary Calendar

ALPHA INVESCO CORPORATION,

Plaintiff-Appellant,

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3730

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

Alpha Invesco Corporation ("Alpha") filed the instant breach of contract suit against the Federal Deposit Insurance Corporation ("FDIC") after that agency refused to repurchase a loan Alpha had purchased from it. Alpha argued that FDIC was obligated to repurchase this loan under the terms of an agreement the two parties entered into in conjunction with FDIC's sale of a loan portfolio to Alpha. FDIC argued that it was not obligated to

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

repurchase the loan because the conditions precedent to repurchase specified in the agreement had not been satisfied. The magistrate judge granted FDIC's motion for summary judgment, and Alpha appeals this judgment. This court reviews a district court's grant of summary judgment de novo. <u>Threadgill v. Prudential Sec. Group, Inc.</u>, 145 F.3d 286, 292 (5th Cir. 1998).

Alpha argues that the magistrate judge erred in determining that the repurchase provision in the agreement was triggered only if two separate individuals were released of their obligations by a judgment and in giving an unreasonably restrictive interpretation to the term "holding." The magistrate judge's interpretation of the contract was in accordance with the plain language of that document as it is written. <u>See</u> <u>Certain Underwriters at Lloyd's London v. C.A. Turner Constr. Co.</u>, 112 F.3d 184, 186 (5th Cir. 1997). Accordingly, the magistrate judge's interpretation of the contract is not erroneous, and Alpha has not shown otherwise.

Alpha further argues that the judgment of the magistrate judge cannot be affirmed on the alternate theories put forth by FDIC, that the instant suit is blocked by res judicata and that Alpha cannot now complain about its inability to foreclose on the collateral for one loan due to the "as-is" provisions of the contract between the parties. The magistrate judge did not discuss these theories, and her judgment is not erroneous. There is thus

no need to consider these arguments.  The judgment of the trial court is **AFFIRMED**.